# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| ALLIANCE OUTDOORS PRODUCTS, ) | |
| INC. ) | Case No. 23-00435 |
| ) | |
| Debtor. ) | |
| ) | **MOTION FOR RELIEF** |
| ) | **FROM AUTOMATIC STAY** |
| ) | |
| _____ ) | |

COMES NOW, Joseph Herbert, Jr. and Tracy Herbert (the "Herberts" or "Movants"), creditors and parties in interest, by and through their undersigned counsel, Bradley R. Kruse and law firm Dickinson, Mackaman, Tyler & Hagen, P.C., and for their *Motion for Relief from Automatic Stay* (the "Motion"), respectfully state as follows:

## I.      PRELIMINARY STATEMENT

1.      By this Motion, Movants seeks approval from the Court to lift the automatic stay for the purposes of continuing with litigation in the United States District Court for the Western Division of Louisiana commenced pre-petition against the Debtor.  Specifically, Movants seek to lift the automatic stay for the sole purpose of pursuing insurance proceeds available from a third-party insurer, and are not seeking to collect any monies from the Debtor or the Debtor's bankruptcy estate.   The basis for this Motion, as set forth more fully below, are numerous factors which require the lifting of the stay, namely that: a) the Debtor has no interest or equity in any insurance proceeds that may become payable to the Movants by the insurer pursuant the litigation; b) Movants' interests in said insurance proceeds are not adequately protected in the absence of the lifting of the stay and a continuation of the litigation; and c) said insurance proceeds are not necessary to an effective reorganization.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are 11 U.S.C. §§ 362 and 553, and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III. PARTIES

4. Joseph Herbert, Jr. is an individual residing in St. Martin Parish, Louisiana, who was severely injured when he fell from a tree stand manufactured by Debtor that broke while Mr. Herbert was hunting.

5. Tracy Herbert is an individual residing in St. Martin Parish, Louisiana and is the wife of Joseph Herbert, Jr.

6. Alliance Outdoor Products, Inc. d/b/a X-Stand Treestands ("Alliance" or the "Debtor") is a Minnesota, corporation whose registered office is located in Apple Valley, Minnesota. According to the Debtor's Petition, its principal place of business is located in Centerville, Iowa.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

7. On or about January 3, 2020, Mr. Herbert was deer hunting when his treestand manufactured by Alliance broke, causing him to fall approximately fifteen feet, resulting in severe injuries to Mr. Herbert.

8. On December 11 2020, the Herberts filed a Complaint for Damages against Alliance in the United States District Court for the Western District of Louisiana, Monroe Division, which is currently pending as Case No. 3:20-cv-1615 ( the "Litigation").

9. In the Litigation, the Movants allege that the broken treestand caused severe injury to Mr. Herbert, and have brought claims against Alliance based upon: a) unreasonably dangerous construction and composition; b) violation of express warranty; and c) negligence, whereby the Movants seek damages from Alliance based on physical pain and suffering, medical expenses, disability, loss of earnings, and loss of consortium, among other damages.

9. The Litigation has been continuing for almost 2 ½ years and is at an advanced stage. A trial date for the Litigation has been set for July 17, 2023. Discovery in the Litigation has been completed, except for a few depositions of expert witnesses.

10. On April 12, 2023 (the "Petition Date"), Alliance, as the Debtor, commenced this bankruptcy case by filing a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). The initial Meeting of Creditors pursuant to 11 U.S.C. § 341 was held on May, 11 2023.

11. The Debtor has insurance coverage through third-party insurers that is available to compensate Movants for their claims against the Debtor, and Movants have pursued, and intend to continue to pursue, the third-party insurers to obtain insurance proceeds for their claims at issue in the Litigation.

12. Pursuant to 11 U.S.C. § 362(a), the Debtor's commencement of this bankruptcy case operates as a stay with respect to the Litigation, preventing the Litigation from proceeding unless the stay is lifted. By this Motion, the Movants seek relief from the automatic stay so that they may proceed with the Litigation, and recover any available insurance proceeds, as set forth herein.

V. ARGUMENT

13. The Movants are parties in interest with standing to bring this Motion, as the

Movants and the Debtor are parties to the Litigation. Moreover, the Movants are creditors of the Debtor stemming from their claims against the Debtor set forth in the Litigation, and indeed have been scheduled by the Debtor as creditors in this bankruptcy case.

14. Pursuant to 11 U.S.C. § 362(d), a party in interest may receive relief from the automatic stay:

> (1) For cause, including lack of adequate protection of an interest in property of such party in interest; or
>
> (2) With respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization.

15. The Debtor has insurance policies that provide for coverage of the claims and harm to Movants at issue in the Litigation, and the Movants have an interest in the proceeds of said insurance policies.

16. The Debtor has no equity or interest in any insurance proceeds that may be payable from third-party insurers to Movants pursuant to Movants' claims presented in the Litigation.

17. Furthermore, any such insurance proceeds that may be available to pay Movants' claims in the Litigation are not necessary to an effective reorganization, as the Debtor has filed for relief under Chapter 7 of the Bankruptcy Code.

18. Bankruptcy Courts have routinely granted relief from the automatic stay to allow creditors to obtain a judgment against a debtor in name only in order to recover from insurers, sureties, and guarantors. *In re Fenstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991) (stay lifted to allow creditor to pursue insurance proceeds); *Matter of Lockhard*, 884 F.2d 1171 (9th Cir. 1989) (stay lifted to allow pursuit of surety); *In re Haines*, 309 B.R. 668 (Bankr. D. Mass 2004) (stay lifted to allow pursuit of guarantee fund); *In re New York Medical Group, P.C.*, 265 B.R. 408

(Bankr. S.D.N.Y. 2001) (stay lifted to allow creditor to pursue insurance proceeds); See 3 Collier on Bankruptcy 362.07[3][a] (Lawrence P. King, ed. 16th Ed. Revised 2012).

19. As noted by the Seventh Circuit in *Fenstrom*, "debtors-defendats suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." *Fenstrom*, *supra*, 938 F.2d at 736.

20. Granting relief from the automatic stay as requested herein will not prejudice the Debtor, nor will it have an adverse effect on this bankruptcy case or the bankruptcy estate. As noted above, the Litigation is at an advanced stage and requires little if any involvement from the Debtors. Furthermore, the Movants merely seek to obtain a judgment in the Litigation against the Debtor in name only for the purposes of establishing the Debtor's liability for Movants' claims in the Litigation so that Movants may continue to pursue available insurance proceeds from third-party insurers.

21. Conversely, if the stay is not lifted, and the Movants are not allowed to proceed with the Litigation and to recover any available insurance proceeds resulting therefrom, Movants will be substantially and irreparably harmed. Thus, the balancing of harms strongly weighs in favor of Movants, as there is little if any harm to the Debtor that would result from the lifting of the automatic stay.

22. The District Court Litigation is the only forum that can award complete relief to all parties and accordingly, stay relief will promote judicial economy. Furthermore, the continuation of the Litigation will not interfere with the Debtor's bankruptcy case, additional factors weighing in favor of lifting the automatic stay. See *In re Sonnax Industries, Inc*. 907 F.2d 1280, 1286 (2nd Cir. 1990); *In re New York Medical Group*, *supra*, 265 B.R. at 413.

WHEREFORE, Joseph Herbert, Jr. and Tracy Herbert respectfully request that the Court enter an Order: a) granting the Motion, lifting the automatic with respect to the Litigation; b) expressly authorizing the Movants to continue with the adjudication of all of their claims in the Litigation and to seek a judgment against the Debtor in name only, establishing the Debtor's liability for Movants claims in the Litigation so that Movants may continue to pursue available insurance proceeds from third-party insurers; c) authorizing Movants to recovery any and all insurance proceeds that may be paid by any third-party insurer pursuant to Movants' claims in the Litigation; and d) granting Movants such other and further relief as the Court deems equitable and just.

Respectfully submitted this 15th day of May, 2023

/s/ Bradley R. Kruse
Bradley R. Kruse AT0004483
DICKINSON, MACKAMAN,
TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3986
Telephone: (515) 244-2600
bkruse@dickinsonlaw.com

ATTORNEYS FOR JOSEPH HERBERT, JR
AND TRACY HERBERT

**CERTIFICATE OF SERVICE**

    This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated this 15th day of May, 2023.

*/s/ Linda Enghausen*
Linda Enghausen