### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 23-00435 |
| ) | |
| **Alliance Outdoors Products, Inc.**, ) | Chapter 7 |
| ) | |
| Debtor. ) | Hon. Lee M. Jackwig |
| ) | |
| ) | **MOTION FOR RELIEF** |
| ) | **FROM AUTOMATIC STAY** |

COMES NOW Micheal K. Strong ("Movant"), a creditor and party-in-interest in the above-captioned case, by and through his counsel, Elizabeth M. Lally and Mark A. Bogdanowicz and for his *Motion for Relief from the Automatic Stay* (the "Motion") respectfully states as follows:

**I.    PRELIMINARY STATEMENT**

1. By this Motion, Movant seeks approval from the Court to lift the automatic stay for the purposes of continuing with litigation commenced pre-petition against Alliance Outdoor Products, Inc. d/b/a X-Stand Treestands ("Debtor") in the Circuit Court for Clay County in the State of Tennessee (the "State Court Litigation").

2. Movant seeks to lift the automatic stay for the sole purpose of pursuing insurance proceeds available from a third-party insurer in the State Court Litigation and are not seeking to collect any monies from the Debtor or the Debtor's bankruptcy estate.

3. The basis for this Motion, as set forth more fully below, are numerous factors supporting lifting of the automatic stay in this case, namely: (a) Debtor has no interest or equity in any insurance proceeds that may become payable to the Movant by the insurer pursuant to the State Court Litigation; (b) Movant's interests in said insurance proceeds are not adequately protected in

the absence of the lifting of the stay and a continuation the State Court Litigation; and (c) said insurance proceeds are not necessary to an effective reorganization.

## II.     JURISDICTION AND VENUE

4.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334.

5.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

6.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The statutory predicates for the relief sought in this Motion are 11 U.S.C. §§ 362 and 553, and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III.    PARTIES

8.  Movant, Micheal K. Strong is an individual residing in Clay County, Tennessee.

9.  Debtor, Alliance Outdoor Products, Inc. d/b/a X-Stand Treestands is a Minnesota, corporation whose registered office is in Apple Valley, Minnesota. According to the Debtor's Petition, its principal place of business is in Centerville, Iowa.

## IV.    FACTUAL AND PROCEDURAL BACKGROUND

10.  On September 17, 2021, Movant initiated the State Court Litigation by filing a Complaint against Debtor in the State Court Litigation, which is currently pending as Case No. 2021-CV-20, a true and complete copy of which Complaint is incorporated herein and attached as **Exhibit 1**.

11.  Debtor was the original manufacturer and producer of the product known as the X-Stand Tree Stand (hereinafter "X-Stand").

12.  The X-Stand is a "Hang-on Treestand" designed for use in hunting activities.

13.  Debtor manufactured, produced, developed, made, sold, and offered for sale, among other things, the X-Stand.

14. In the State Court Litigation, moved alleged, in part:

   a. In mid-September, 2020, Movant received a purchased X-Stand Treestand Jester Model from the website https://www.sportsmansguide.com;

   b. On September 25, 2020, pursuant to the product manual and using the parts and equipment provided, Movant installed the X-Stand to a tree located on property Movant uses for hunting, which property is also located in Clay County, Tennessee;

   c. On the same day, Movant mounted the X-Stand to test the installation and set-up of the product, when, suddenly and without warning, the strap holding the X-Stand to the tree snapped and broke, causing Movant to fall several feet to the ground and sustain serious and permanent injuries;

   d. Movant was life-flighted from Clay County to Tri-Star Centennial Hospital in Nashville due to the severity of his injury;

   e. Movant was then admitted to Tri-Star Centennial Hospital and diagnosed with left tibia and fibula fractures, as well as left ankle injury. Movant also underwent intensive surgery and remained in the hospital for 3 days; and

   f. Movant has since received extensive treatment, including multiple surgeries, related to the injuries he sustained during the fall.

15. The incident at the heart of the State Court Litigation happened nearly three (3) years ago.

16. The State Court Litigation has been pending for close to two (2) years. The parties are in the discovery stage of the litigation.

17. On April 12, 2023 (the "Petition Date") Debtor commenced this bankruptcy case by filing a Petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code 11 U.S.C. § 101

et seq. (the "Bankruptcy Code"). [ECF 1]. The initial Meeting of Creditors pursuant to 11 U.S.C. § 341 was held on May 11, 2023. [ECF 5, 11].

18. The Debtor has insurance coverage through third-party insurers that is available to compensate the Movant for his claims against the Debtor, and Movant has pursued and intends to continue to pursue, the third-party insurer(s) to obtain insurance proceeds for his claims at issue in the State Court Litigation.

19. Pursuant to 11 U.S.C. § 362(a), the Debtor's commencement of this bankruptcy case operates as a stay with respect to the State Court Litigation, preventing the State Court Litigation from proceeding unless the stay is lifted.

20. By this Motion, the Movant seeks relief from the automatic stay so that he may proceed with the State Court Litigation, and recover any available insurance proceeds, as set forth herein.

**V.    ARGUMENT**

21. The Movant is a party-in-interest with standing to bring this Motion. The Movant and the Debtor are parties to the State Court Litigation.  Moreover, the Movant is a creditor of the Debtor stemming from his claim(s) against the Debtor set forth in the State Court Litigation and has been scheduled by the Debtor as a creditor in this bankruptcy case. *See Creditor Matrix Dated June 8, 2023*, **Exhibit 2**. *See also Schedule E/F*: *Creditors Who Have Unsecured Claims*, p. 25 of 35 [ECF 10].

22. Pursuant to 11 U.S.C. § 362(d), a party-in-interest may receive relief from the automatic stay:

> (1) For cause, including lack of adequate protection of an interest in property of such party in interest; or
>
> (2) With respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization.

4

23. The Debtor has insurance policies that provide for coverage of the claims and harm to Movant at issue in the State Court Litigation, and the Movant has an interest in the proceeds of said insurance policies.

24. The Debtor has no equity or interest in any insurance proceeds that may be payable from third-party insurers to Movant pursuant to Movant's claim(s) presented in the State Court Litigation.

25. Furthermore, any such insurance proceeds that may be available to pay Movant's claim(s) in the State Court Litigation are not necessary to an effective reorganization, as the Debtor has filed for relief under Chapter 7 of the Bankruptcy Code.

26. Bankruptcy Courts routinely grant relief from the automatic stay to allow creditors to obtain a judgment against a debtor in name only to recover from insurers, sureties, and guarantors. *See In re Fenstrom Storage & Van Co.,* 938 F.2d 731, 736 (7th Cir. 1991) ("Debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors."); *see also Matter of Lockhard,* 884 F.2d 1171(9th Cir. 1989) (stay lifted to allow pursuit of surety); *In re Haines,* 309 B.R. 668 (Bankr. D. Mass 2004) (stay lifted to allow pursuit of guarantee fund); *In re New York Medical Group, P.C.,* 265 B.R. 408(Bankr. S.D.N.Y. 2001) (stay lifted to allow creditor to pursue insurance proceeds).

27. Granting relief from the automatic stay as requested herein will not prejudice the Debtor, nor will it have an adverse effect on this bankruptcy case or the bankruptcy estate. Furthermore, the Movant merely seeks to obtain a judgment against the Debtor in name only for the purposes of establishing the Debtor's liability for Movant's claim(s) in the State Court Litigation so Movant may continue to pursue available insurance proceeds from third-party insurers.

28. If the stay is not lifted, and Movant is not allowed to proceed with the State Court Litigation and to recover any available insurance proceeds resulting therefrom, Movant will be

substantially and irreparably harmed. Thus, the balancing of harms strongly weighs in favor of Movant, as there is little if any harm to the Debtor that would result from the lifting of the automatic stay.

29. The State Court Litigation is the only forum that can award complete relief to all parties and accordingly, stay relief will promote judicial economy. Furthermore, the continuation of the Stae Court Litigation will not interfere with the Debtor's bankruptcy case, additional factors weighing in favor of lifting the automatic stay. *See In re Sonnax Industries, htc*. 907 F.2d 1280, 1286 (2d Cir. 1990); *In re New York Medical Group*, supra, 265 B.R. at 413.

WHEREFORE, Micheal K. Strong respectfully request that the Court enter an Order:

A. Granting the Motion and lifting the automatic with respect to the State Court Litigation

B. Expressly authorizing the Movant to continue with the adjudication of all of his claims in the State Court Litigation and to seek a judgment against the Debtor in name only, establishing the Debtor's liability for Movants claims in the State Court Litigation so that Movant may continue to pursue available insurance proceeds from third-party insurers;

C. Authorizing Movant to recover any and all insurance proceeds that may be paid by any third-party insurer pursuant to Movant's claim(s) in the State Court Litigation; and

D. Granting Movant any such other and further relief as the Court deems necessary or proper in law or equity.

Dated: June 20, 2023

Respectfully submitted,
By: */s/ Elizabeth M. Lally*
Elizabeth M. Lally, #AT0013010
SPENCER FANE LLP
13815 FNB Parkway

Suite 200
Omaha, NE 68154
Telephone: 402.800.2299
Email: elally@spencerfane.com


*/s/ Mark A. Bogdanowicz*
Mark A. Bogdanowicz, IN # 25274-49 (admitted *pro hac vice*)
Spencer Fane Bone McAllester, LLC
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: 615.687.2765
Email: mbogdanowicz@spencerfane.com

**Counsel for Movant / Creditor, Micheal K. Strong**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **Motion for Relief from Automatic Stay** was served through the Court's CM/ECF system to persons receiving service thereby on June 20, 2023.

*/s/ Elizabeth M. Lally*